**Stephen C. GORDON**

v.

**NEW ENGLAND TRACTOR TRAILER TRAINING SCHOOL.**

**No. K–95–1015.**

United States District Court, D. Maryland.

Aug. 22, 1996.

---

Joseph T. Mallon, Jr., Eugene I. Glazer, Baltimore, Maryland, for Plaintiff.

Peter D. Guattery, Baltimore, Maryland, for Defendant.

### MEMORANDUM AND ORDER

FRANK A. KAUFMAN, Senior District Judge.

(1) On February 16, 1996, defendant filed a motion for sanction of dismissal for the failure of plaintiff Gordon to attend a deposition on January 31, 1996. This Court ruled, in a Memorandum and Order dated June 12,

1996, that plaintiff Gordon would be required to pay for any extra attorney's fees or costs which defendant incurred because of such failure, but required defendant to itemize those fees or costs. Thereafter, on June 25, 1996, defendant filed a petition for costs and expenses in which it sought $307.91 in costs incurred by Mr. Barna, defendant's Vice President, to attend plaintiff's rescheduled deposition on March 20, 1996 and $962 in attorney's fees and associated costs regarding plaintiff's deposition for a total of $1,269.91. Plaintiff was given an opportunity to respond to defendant's itemization by July 9, 1996. When plaintiff did not so do, this Court provided plaintiff a second opportunity to respond on or before July 29, 1996. To date, this Court has received no response from plaintiff.

■ (2) Federal Rule of Civil Procedure 37(d) implicitly requires this Court to make a finding that the attorney's fees and costs which defendant requests are reasonable before ordering plaintiff to pay such fees. This Court concludes that defendant's fees and costs are reasonable. However, it appears from the breakdown of attorney's fees which defendant submitted on June 25, 1996, that defendant is including in its itemization Mr. Guattery's fee for the initial preparation for Mr. Gordon's deposition, as well as his fee for preparing for the deposition which took place on March 20, 1996. It appears to this Court that, whether or not Mr. Gordon failed to appear the first time his deposition was scheduled, defendant would have had to prepare at least once for the deposition. For that reason, the $330.00 fee for Mr. Guattery's preparation for the original deposition on January 31, 1996 will be subtracted from defendant's requested fees. This fee, and not the fee for Mr. Guattery's preparation for the deposition on March 20, 1996, will be subtracted because the January fee is less than the March fee.

■ Furthermore, plaintiff argued in its February 21, 1996 filing regarding sanctions that this Court should not include Mr. Barna's January costs in any sanctions assessed against plaintiff because two other depositions, in addition to plaintiff's, were scheduled for January 31, 1996. Thus, whether plaintiff appeared for his deposition or not, Mr. Barna would have incurred those costs. In fact, defendant did not seek to recoup the costs which Mr. Barna incurred in January, but the similar costs which he incurred when he attended plaintiff's rescheduled deposition in March, 1996. Under the circumstances, this Court will include Mr. Barna's March costs in the sanctions assessed against plaintiff.

In that same filing, plaintiff contended that any counsel fees assessed against plaintiff should be proportioned in light of the other depositions scheduled for January 31, 1996. As discussed above, defendant seeks counsel fees associated with plaintiff's deposition only and not in relation to the depositions of any other parties or witnesses. For that reason, this Court need not apportion those fees in any way, except for the adjustment to the requested fees discussed *supra*. Because defendant's other fees and costs appear reasonable to this Court, and in the absence of any timely objection from plaintiff, this Court hereby orders plaintiff to pay defendant $939.91.

■ (3) In *Brubaker v. City of Richmond*, 943 F.2d 1363, 1374 (4th Cir.1991), the Fourth Circuit stated that monetary sanctions under Federal Rule of Civil Procedure 11 should reflect the primary purpose of that rule—"deterrence of future litigation abuse." The Court also mentioned several factors district courts should consider before awarding such a sanction. Those factors are:

(1) the reasonableness of the opposing party's attorney's fees; (2) the minimum to deter; (3) the ability to pay; and (4) factors related to the severity of the Rule 11 violation.

While those factors have, to this Court's knowledge, never been applied in connection with sanctions awarded pursuant to Rule 37(d), such application appears appropriate because Rule 37, much like Rule 11, is designed to deter future misconduct during discovery. *Carlucci v. Piper Aircraft Corp., Inc.*, 775 F.2d 1440, 1453 (11th Cir.1985); *see also Wilson v. Volkswagen of America, Inc.*, 561 F.2d 494, 505 (4th Cir.1977), *cert. denied,* 434 U.S. 1020, 98 S.Ct. 744, 54 L.Ed.2d 768 (1978).

Here, the reasonableness of defendant's requested fees has been discussed, *supra*. Regarding the second factor, while the amount of sanctions in this case is minimal, it should still serve as a deterrent for future abuse. Third, plaintiff bears the burden of showing this Court evidence of his financial status. *Brubaker*, 943 F.2d at ∕1387–88. Despite two opportunities to do so, plaintiff has offered no such evidence. Considering the minimal amount of sanctions involved in this case, this Court has no reason to believe that plaintiff will be unable to pay. Finally, with regard to the severity of plaintiff's violation, Rule 37(d) requires this Court to order plaintiff to pay the reasonable expenses caused by his failure to appear for his deposition, of which he apparently had notice, unless this Court finds that his failure was "substantially justified." While Gordon alleged that he failed to appear because of an emergency involving his job, he also admitted that he failed adequately to respond to that emergency as well. On that record, this Court concludes that Mr. Gordon's failure to appear for his deposition was sufficiently severe to justify imposition of sanctions.

(4) Copies of this Memorandum and Order are today being sent to counsel for all parties in this consolidated litigation even though only plaintiff Gordon and defendant are directly involved in connection with the matter with which this Memorandum and Order is concerned.